APR 7 2008

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

(1) ONeil THOMPSON  280639
  (Name of Plaintiff)        (Inmate Number)

1301 EAST 12th St
Wilm De. 19801
  (Complete Address with zip code)

(2) _____
  (Name of Plaintiff)        (Inmate Number)

_____
  (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Sgt. Woody
(2) C\O Young
(3) C\O Scally
  (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

08- 198

(Case Number)
( to be assigned by U.S. District Court)

## CIVIL COMPLAINT

• • Jury Trial Requested

**FILED**

APR -7 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**I.    PREVIOUS LAWSUITS**

  A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and number,
        including year, as well as the name of the judicial officer to whom it was assigned:

NONE

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?    • (Yes) • • No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?    • (Yes) • • No

C.    If your answer to "B" is Yes:

1.    What steps did you take? ALL . I wRote ALL High Ranked officers, and even the waRdei

2.    What was the result? NOThing, THEy was So Vindictive That I wRote Them up, They wRote M

D.    If your answer to "B" is No, explain why not: _____

## III.    DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: MS. Sgt. moody

Employed as Grievance chair PRisonat H.R.Y.C.I

Mailing address with zip code: 1301 EAST 12th St

wilm De. 19801

(2) Name of second defendant: C\O D. young

Employed as C\O at H.R.Y.C.I

Mailing address with zip code: 1301 East 12th St

wilm De. 19801

(3) Name of third defendant: C\O C. SEAly

Employed as C\O at H.R.Y.C.I

Mailing address with zip code: 1301 East 12th St

wilm De. 19801

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

**IV. STATEMENT OF CLAIM**

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. MS. YOUNG VIOLATED MY RIGHTS AND PRIVACY BY DISCUSSING MY CASE WITH OTHER INMATES, AND CALLED ME A RAPIST.

2. MR. SEALY VIOLATED MY RIGHT AND PRIVACY BY DISCUSSING MY CASE WITH OTHER INMATES AND CALLED ME A RAPIST.

3. MS. MOODY THREW OUT MY GRIEVANCE SAID I WAS LIEING AND WROTE ME UP ON A CLASS 2 WRITE FOR LIEING. BEING VERY VINDICTIVE IF YOU ASK ME, FOR WRITING UP TWO C/O'S.

**V. RELIEF**

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. SENSE IM PUTTING THIS LAWSUIT IN AND THE PRISON MAY NOT LIKE IT, IM ASKING FOR INJUNCTION RELIEF. FOR MY SAFETY FROM ANY OTHER

2.  PUNISHMENT SUCH AS, PUNITIVE
    DAMAGES.
            DECLARATORY DAMAGES

3.  COMPENSATORY DAMAGES.
    IM ASKING FOR
    "EIGHT HUNDRED AND FIFTY
    THOUSAND DOLLARS. FOR THE
    LIES, THE SLANDER, AND HUMILIATION
    AND ALSO EMBARRASSMENT.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 2_____.

ONEIL T. THOMPSON
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Mark Emig
Acting Warden

## *MEMORANDUM*

*TO:*        *O'Neil Thompson, 280634*
            *Y Pod*

*FROM:*      *Mark Emig*
            *Acting Warden*

*DATE:*      *January 22, 2008*

*SUBJ:*        ***YOUR RECENT CORRESPONDENCE***

   *Your recent correspondence to this office has been forwarded to Captain David Bamford*
*for review and any action deemed appropriate.*

## *DISTRIBUTION*

*Captain David Bamford*
*File*

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
**OFFICE OF THE GRIEVANCE CHAIRPERSON**
1301 E. 12TH STREET
WILMINGTON, DE 19801

## MEMORANDUM

TO:         I/M Neil Thompson, sbi# 280639
            2Y Pod

FROM:       Sgt. Moody, Inmate Grievance Chairperson

DATE:       3/14/08

RE:         Grievance #149034

This memo is to inform you that the grievance submitted by you dated 1/18/08, regarding Officers Sealy and Young making comments about you, is being returned as non-grievable for the following reason(s):

1. Failure to cooperate with the grievance process
2. Failure to provide any witnesses

In accordance with the Inmate Grievance Procedure, you must be willing to cooperate with the process and provide this information in your grievance. Instructions on submitting grievances are listed on the grievance form.

Lt. Richards as well as myself have attempted address this issue with you and you have failed to provide adequate information to substantiate the allegations in this grievance, which are based on hearsay; therefore you submitted a grievance based on conjecture.

You acknowledged to the IGC and Lt. Richards that someone told you the Officers made comments about you. You stated to the IGC on Thursday, 3/13 that to reveal your witness is considered "snitching". Therefore I must inform you that making accusations against staff without proof is considered, {Lying, Slander and Deformation of Character}. You must be willing to provide accurate information on the grievance form.

Again, no further action will be taken on this matter due to non-compliance on your part.

Cc:         Capt. Bamford, 4x12 Shift Commander
            Major Williams, Security Superintendent
            file

HRYCI Howard R. Young Correctional Institution
1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

# DISCIPLINARY REPORT

| Disciplinary Type: Class2 | Housing Unit: Pod 2Y | | IR#: 3030264 | |
|---|---|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00280639 | Thompson, Neil T | HRYCI | Pod 2Y | 01/18/2008 | 23:00 |

**Violations:** 2.10/200.213 Lying

**Witnesses:** 1. N/A          2. N/A          3. N/A

## Description of Alleged Violation(s)

On Friday January 18, 2008 # 208639 I/M Thompson Neil Submitted A Greivance Stating That His Privacy Was Violated By C/O D. Young And C/O C. Sealy. In His Greivance He Claimed The Officers Named Discussed His Charges Wit An Inmate Who Is Housed On 2 Y And Reffered To Him As A Rapist. The Greivance Was Assigned To Lt. C. Richards To Be Investigated. Officers. Young And Sealy Were Interviewed And Both Denied Having That Discussion And Making The Comments Mentioned In The Greivance. I/M Thomson Was Interviewed On Two Occassions By Lt. Richards. I/M Thompson On Both Occasions Stated That The Inmate Who Gave Him This Information Is No Longer Huosed On 2 Y And He Do Not Know His Name. The Greivance Was Sent To The Icg And I/M Thompson Was Again Asked To Disclose The Source Of His Information And He Again Refused Stating He Did Not Know The Name Of The Inmate. I/M Thompson Is Being Written Up For Lying Because Of His Accusation An For Failing To Provide Information To Substantiate His Allegations.

**Reporting Officer:** Richards, Charles (Staff Lt./Lt)

## Immediate Action Taken

**Immediate action taken by:** Richards, Charles -Staff Lt./Lt

Reports Submitted For Class2 Write-Up

## Offender Disposition Details

**Disposition:** N/A          **Date:** N/A     **Time:** N/A     **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

## Approval Information

**Approved:** [ ]   **Disapproved:** [ ]   **Approved By:** ()

**Comments:** N/A

## Shift Supervisor Details

**Date Received:** 03/16/2008     **Time:** 17:36     **Received From:** ,

**Shift Supervisor Determination:**

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

, ()

I have received a copy of this notice on **DATE:** 3/16/08 **TIME:** 1740 and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:** Richards, Charles          **Offender:** Thompson, Neil T

Impartial Hearing Officer: You have the right to be heard by an Impartial Hearing Officer, who shall not have witnessed the incident in question, been involved in preparation of the charge, or otherwise biased against you. Such Hearing Officer shall not have had supervisory responsibility over you during the six months immediatelt proceeding the hearing and shall be of a rank no lower than Lieutenant.

Make Statement and Present Evidence: You have the right to make a statement and present any reasonable evidence, including written statements from others in your behalf.

Record of Findings: You have the right to receive a written record of the Disciplinary Hearing Such record shall state the findings of the Hearing Officer, summarize the evidence relied upon, and will state the sanctions imposed, if any.

Appeal: You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction or his designee. At the Disciplinary Hearing you will be provided with an appeal form. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing UNLESS YOU INDICATE ON THE APPEAL FORM THAT YOU DO NOT INTEND TO APPEAL. The purpose of the automatic stay is to afford you time to decide if you want to appeal. If you file an appeal within seventy-two (72) hours immediately following the hearing, the Hearing Officer MUST stay the execution of the sanction until an appeal decision is rendered. If you do not file an appeal within seventy-two (72) hours immediately following the hearing OR if you indicate on the appeal form that you do not want to appeal, the sanction shall be executed. The 72-hour time limit will run only while you are incarcerated at the institution.

MAJOR OFFENSE                          (All of the above plus the following)
Counsel: You have the right to cousult with counsel substitute prior to the hearing. At the hearing, you may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitute may present your case at a Disciplinary Hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as your literacy, intelligence, the complexity of the issues under consideration, and other factors which may prevent you from making a complete presentation on your own behalf.

Pre-Hearing Detention: You have the right to remain in your existing status until the hearing unless you become sufficient threat to other inmates, staff members, or yourself to warrant pre-hearing detention. If pre-hearing detention is ordered by the Shift Supervisor of your unit, that order must be reviewed by the Warden or his designee every 24 hours. Failure to do so will cause you to return to your previous status. Any time spent in pre-hearing detention will be credited against any subsequent sanction imposed.

Copies of Written Information: You have the right to receive copies of any written information which the Hearing Officer may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individu: reasons for non-disclosure to be stated in writing. In all other cases where written informat: is not disclosed, the contents will be summarized for you to the extent this may be done with creating a substantial risk to institutional or personal safety.

Call Witness: You have the right to call witnesses on your behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety, or would endanger the physic: safety of any individual; such reasons will be stated in writing by the Hearing Officer.

Confront and Cross-examine Accuser: You have the right to confront and cross-examine your accuser (the author of the Disciplinary Report) and all witnesses who testify against you unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial will be stated in writing by the Hearing Officer.

FORM #: 127 (F&B)
(2-part NCR)

FORM #: 127 (F&B)                          NOTICE OF DISCIPLINARY HEARING
(2-part NCR)                                FOR MINOR/MAJOR OFFENSE                    To be completed by
Revised: 6/01                                                                          Hearing Office
                                                                                       DR _____

TO:    Inmate: _____ _____ SBI#: _____    HOUSING UNIT: _____

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead?  [  ] Guilty        [ ✓ ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time of more than 24 hours but less than 5 days.

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of more than 15 days but less than 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 30 days.
   d. Loss of good time for a period not to exceed 30 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?  [  ] Yes   [ ✗ ] No        Name of Counsel: _____

7. Witness requested?  [  ] Yes   [ ✗ ] No        Name(s) of Witness: _____

8. Confront accuser?   [ ✓ ] Yes  [  ] No         _____

I certify that on _____ at _____, I served
             (date)            (time)
upon the above inmate this notice of Disciplinary          I have received copies of 122 & 593 and
Hearing for Minor/Major Offense and (2) the                understand my rights as Form #593 has been read
Disciplinary Report is attached hereto.                    to me.

_____                           _____
(Employee's Signature & Title)                             (Inmate's Signature)

INMATE RIGHTS IN THE DISCIPLINARY PROCESS

MINOR OFFENSE
Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE – Shift Commander W/Form 122              YELLOW - Inmate

MR. ONEIL T. Thompson
#289639

2008 WILMINGTON, DE 0850     M     APR     24     2008     IN

TO. CLERK
U.S. DISTRICT COURT
LOCKBOX 18
844 N. KING ST.
WILM, DE. 19801

LEGAL MAIL ONLY